IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SHAQUILLE FLOWERS** | : | |
| 1501 Gloucester Road, Apt I1 | : | |
| Blackwood, New Jersey, 08012 | : | **Civil Action No. _____** |
| | : | |
| **Plaintiff**, | : | |
| | : | |
| **v.** | : | |
| | : | *JURY TRIAL DEMANDED* |
| **ASCENSUS, LLC** | : | |
| 200 Dryden Road | : | |
| Dresher, PA 19025 | : | |
| **Defendant**. | : | |

## COMPLAINT – CIVIL ACTION

Plaintiff Shaquille Flowers ("Plaintiff"), by and through his undersigned attorney, for his Complaint against Defendant Ascensus, LLC ("Defendant"), alleges as follows:

## INTRODUCTION

1. Plaintiff initiates this diversity action contending Defendant violated the Pennsylvania Criminal History Record Information Act ("CHRIA"), 18 Pa. C.S.A. § 9101, *et seq.* by using Plaintiff's criminal history record information in a manner prohibited by CHRIA for the purposes of deciding whether or not to hire Plaintiff.

2. Specifically, Defendant unlawfully rejected Plaintiff's application for employment based on criminal history record information unrelated to felony and misdemeanor convictions and unrelated to Plaintiff's suitability for employment.

## PARTIES

3. Plaintiff Shaquille Flowers is a citizen of the United States and New Jersey, who currently resides at 1501 Little Gloucester Road, Apt I1, Blackwood, NJ 08012.

1

4. Upon information and belief, Defendant Ascensus, LLC is a Delaware company with a principal place of business located at 200 Dryden Road, Dresher, PA 19025.

5. Upon information and belief, Defendant's sole member is Ascensus Group, LLC, and the sole member of Ascensus Group, LLC is Ascensus Holdings, Inc, which is incorporated in Delaware and has a principal place of business located at 200 Dryden Road, Dresher, Pennsylvania, 19025.

## JURISDICTION AND VENUE

6. Paragraphs 1 through 5 are hereby incorporated by reference as though the same were fully set forth at length herein.

7. This action is authorized pursuant to 18 Pa. C.S. § 9183(b).

8. Plaintiff has filed the instant action within the statutory time frame applicable to his claims.

9. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, as the parties are citizens of different States and the amount in controversy exceeds $75,000.

10. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391 because the Defendant does business and resides in this district and the unlawful practices of which Plaintiff is complaining were committed herein.

## FACTUAL ALLEGATIONS

11. Paragraphs 1 through 10 are hereby incorporated by reference as if the same were fully set forth at length herein.

12. In or around September 2025, Plaintiff applied for a Call Center Representative position with Defendant.

13.   After going through the interview process, on or about October 10, 2025, Defendant offered Plaintiff the job, conditioned on Plaintiff's passing a background check.

14.   As part of the background check, Defendant obtained information about Plaintiff's criminal history from the background screening company, First Advantage.

15.   Specifically, Defendant obtained information about an arrest of and criminal charges against Plaintiff in 2023.

16.   However, these criminal proceedings did not result in any conviction; the charges against Plaintiff were dismissed and ultimately expunged from Plaintiff's record.

17.   After receiving Plaintiff's criminal history information, Defendant's Talent Acquisition Coordinator, Gabrielle Moretsky ("Ms. Moretsky"), asked Plaintiff to explain the arrest and charges and to provide a police report.

18.   On or about October 16, 2025, Plaintiff provided the requested explanation and noted that the charges had been dismissed and expunged.

19.   Plaintiff further provided court documents confirming that the charges had not resulted in a conviction and had been expunged.

20.   After receiving no response from Defendant, Plaintiff followed up with Ms. Moretsky on or about October 23, 2025.

21.   In reply, Ms. Moretsky claimed: "We would need a copy of the police report in order for HR to make a decision.  We can provide an extension until Tuesday 11/28, by the end of the day for you to submit a copy of the police report.  Unfortunately, if we do not receive the documentation by that time, we will need to rescind the offer."

22.   Plaintiff explained that because the charges had been expunged, copies of the underlying police report no longer existed.

23.    Plaintiff then did not hear further from Defendant until October 28, 2025, when Ms. Moretsky informed him that Respondent was rescinding the job offer.

24.    Ms. Moretsky attached a letter from Defendant to her email message, which stated: "We regret to inform you that your application with Ascensus, LLC . . . is no longer being considered. This action was based in whole or in part by the information in the finger-print based criminal history record check performed by First Advantage."

25.    In response to Ms. Moretsky's email, Plaintiff advised that CHRIA prohibited Defendant from using arrests and dismissed charges as a basis for denying employment.

26.    Despite receiving notice of its obligations under CHRIA, Defendant declined to reinstate its job offer to Plaintiff, and Plaintiff received no further communication from Defendant.

27.    Defendant's above-described actions were unlawful and in violation of CHRIA.

28.    As a result of Defendant's willful, deliberate and unlawful actions, Plaintiff has suffered damages.

**COUNT I**
**PENNSYLVANIA CRIMINAL HISTORY RECORD INFORMATION ACT ("CHRIA")**
**18 PA. C.S.A. §§ 9125, 9183**
**IMPROPER USE OF CRIMINAL HISTORY INFORMATION & FAILURE TO HIRE**

29.    Paragraphs 1 through 28 are hereby incorporate by reference as if the same were fully set forth at length herein.

30.    Section 9125 of CHRIA states "Whenever an employer is in receipt of information which is part of an employment applicant's criminal history record information file, it may use that information for the purpose of deciding whether or not to hire the applicant, only in accordance with this section."

31.    Section 9125 of CHRIA limits an employer's use of an employment applicant's criminal history information to the following: "Felony and misdemeanor convictions may be

4

considered by the employer only to the extent to which they relate to the applicant's suitability for employment in the position for which he has applied."

32.     CHRIA prohibits employers, in making hiring decisions, from considering employment applicants' arrests and charges that did not result in conviction.

33.     Defendant violated CHRIA by deciding not to hire Plaintiff based on criminal history information that did not involve or result in a conviction.

34.     Moreover, Defendant's consideration of Plaintiff's criminal history information was not related to Plaintiff's suitability for employment with Defendant.

35.     Defendant acted willfully because it had notice that its conduct was in violation of CHRIA yet it still declined to hire Plaintiff on an unlawful basis.

36.     As a result of Defendant's unlawful, willful, and deliberate actions, Plaintiff has suffered damages including, but not limited to, loss of employment, earnings, and benefits as well as pain and suffering, mental and emotional distress, humiliation, and damage to his career.

**WHEREFORE**, as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgement in his favor and against Defendant, and grant him the maximum relief allowed by law, including, but not limited to:

A.     Actual and real damages, including, but not limited to, backpay, front pay, out-of-pocket financial losses, and compensatory damages, in amounts to be determined at trial;

B.     Exemplary and punitive damages in the maximum amount permitted;

C.     Plaintiff's costs, disbursements, and attorneys' fees incurred for prosecuting this action;

D.     Pre-judgment interest in an appropriate amount; and

E.     Such other and further relief as is just and equitable under the circumstances.

## <u>JURY DEMAND</u>

**Plaintiff hereby demands a trial by jury as to all issues so triable.**

Respectfully submitted,

**MURPHY LAW GROUP, LLC**

By: */s/ Jake Daniel Novelli, Esq.*
Jake Daniel Novelli, Esq.
1628 John F. Kennedy Blvd., Suite 2000
Philadelphia, PA 19103
TEL: 267-273-1054
FAX: 215-525-0210
jnovelli@phillyemploymentlawyer.com
*Counsel for Plaintiff*

Dated: April 16, 2026

## DEMAND TO PRESERVE EVIDENCE

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to his potential claims and his claims to damages, to any defenses to same, including, but not limited to, electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.